IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**MORGAN S. ROBERTS**                                                             **PLAINTIFF**

vs.                         **Civil No. 2:19-cv-02079-PKH-MEF**

**ANDREW M. SAUL, Commissioner,**                   **DEFENDANT**
**Social Security Administration**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Morgan S. Roberts, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g).

### I.     Procedural Background

Plaintiff protectively filed her current application for DIB on June 30, 2017. (ECF No. 8, p. 20). Plaintiff alleges disability since June 30, 2017, due to degenerative disc disease, fibromyalgia, scoliosis, 6-8 protruding or bulging discs, and an enlarged thyroid gland. (*Id.*, pp. 20, 231).

Plaintiff's applications were denied initially and upon reconsideration. (*Id.*, pp. 20, 127-29, 136-37). An administrative hearing was held on September 12, 2018, before the Hon. Harold D. Davis, Administrative Law Judge ("ALJ"). (*Id.*, pp. 34-62). Plaintiff and a vocational expert ("VE"), Barbara N. Hubbard, testified. (*Id.*). Plaintiff was represented by counsel, David K. Harp. (*Id.*).

By written decision dated October 3, 2018, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease at L5-S1, disc bulge at T3-5, scoliosis of the thoracic spine, fibromyalgia, obesity, and depression. (*Id*., pp. 17, 22). The ALJ next determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of any impairment in the Listing of Impairments. (*Id*., pp. 22-24). The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except the Plaintiff would only be able to perform work with simple tasks and simple instructions. (*Id*., pp. 24-27).

The ALJ found that Plaintiff was unable to perform any of her past relevant work ("PRW"), but with the assistance of the VE, the ALJ determined Plaintiff could perform the requirements of the representative occupations of: cashier II (DOT # 211.462-010), with 850,000 jobs in the national economy; ticket seller (DOT # 211.467-030), with 21,200 jobs in the national economy; and, marking clerk (DOT # 209.587-034) with 305,000 jobs in the national economy. (*Id*., pp. 27-28). The ALJ concluded that Plaintiff had not been under a disability as defined by the Act during the relevant period. (*Id*., p. 29).

On June 3, 2019, the Appeals Council denied Plaintiff's request for review. (*Id*., pp. 5-8). Plaintiff subsequently filed this action on June 25, 2019. (ECF No. 1). This matter is before the undersigned for report and recommendation. Both parties have filed appeal briefs (ECF Nos. 11, 12), and the case is ready for decision.

## II.     Applicable Law

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it

adequate to support the Commissioner's decision. *Teague v. Astrue*, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least 12 consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy

3

given her age, education, and experience. 20 C.F.R. § 404.1520(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520(a)(4)(v).

### III. Discussion

Plaintiff raises three issues in this appeal: (1) whether the ALJ properly considered Plaintiff's subjective complaints; (2) whether the ALJ's RFC determination is inconsistent with the record; and, (3) whether the Step Five finding was based upon a hypothetical that was incomplete. (ECF No. 16, pp. 18-26). After a thorough review of the record, the undersigned is troubled by the ALJ's RFC assessment.

A disability claimant has the burden of establishing her RFC. *Vossen*, 612 F. 3d at 1016. "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller*, 784 F.3d at 479 (citing *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001)). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence, particularly by finding the medical source statement from Plaintiff's treating physician, Marcella P. Jones, D.O.,

M.P.H., was not consistent with the evidence of record. (ECF No. 11, pp. 15-17). Although a treating physician's opinion is often given controlling weight, "such deference is not appropriate when the opinion is inconsistent with the other substantial evidence." *Renstrom v. Astrue*, 680 F.3d 1057, 1064 (8th Cir. 2012) (quoting *Perkins v. Astrue*, 648 F.3d 892, 897 (8th Cir. 2011)). Here, each of the three medical opinions of record indicate that Plaintiff would require postural limitations, however, the ALJ did not discuss why postural limitations were not included in the Plaintiff's RFC. (ECF No. 11, pp. 26-27, 109-110, 123, 531-32). This was error.

Dr. Jones opined Plaintiff could not lift more than 25 pounds, could sit for only one hour, and could stand for only half an hour. (*Id.*, p. 531). While Dr. Jones did not use the language of postural limitations, she noted Plaintiff had constant pain which caused difficulties in activities of daily living, as well as at Plaintiff's job which required a lot of bending forward, sitting, standing, and a lot of rotational movements in her spine. (*Id*). Dr. Cathey, a State agency medical consultant, commented that Dr. Jones' medical source statement was not fully consistent with physical exams and other objective medical evidence, but Dr. Cathey's RFC assessment did include postural limitations. (*Id.*, pp. 109-10). Dr. Greenwood, another State agency medical consultant, concurred with Dr. Cathey on both points. (*Id.*, p. 123).

The ALJ found the opinions of the State medical consultants, Drs. Cathey and Greenwood, substantially consistent with the medical evidence as a whole, including the clinic notes of Dr. Jones. (*Id.*, p. 27). Curiously, however, the ALJ did not include any postural limitations in his RFC findings, nor did he explain why this consistent portion of all three medical opinions was disregarded. (*Id.*). Accordingly, the undersigned finds that the ALJ's RFC determination is not supported by substantial evidence.

Plaintiff contends the ALJ's decision should be reversed and benefits immediately awarded. (ECF No. 15, p. 18). That is a remedy appropriate only in cases where the record overwhelmingly supports an immediate finding of disability. *Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000). That is not this case. After reviewing the record, the undersigned finds that remand is necessary to allow the ALJ to reconsider Plaintiff's RFC, specifically the need for postural limitations.

On remand, the ALJ should request a complete RFC assessment from Plaintiff's treating physicians, Dr. Swicegood and Dr. Jones, for the relevant period. If the ALJ is unable to procure an RFC assessment from Plaintiff's treating physicians, then the ALJ should order a consultative examination, complete with a thorough RFC assessment. With this additional evidence, the ALJ should re-evaluate Plaintiff's RFC and his step four and step five findings.

### IV. Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of March 2020.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE